Pearson, J.
 

 Ve concur with his Honor upon the first point. The commencement of an action of ejectment is the time when the declaration is served ; in other actions, it is the time when the writ is issued. This is settled, and the reason
 
 *373
 
 of the distinction explained in
 
 Thompson
 
 v.
 
 Red; 2
 
 Jones’ Rep. 412.
 

 A copy of the declaration was served on the defendant, with a note from his “ loving friend, Bichard Koe,” saying: “ I am informed you are in possession of,
 
 or claim, title to,
 
 the premises, &c.” He entered his appearance to the action, and by leave of the Court, had himself made defendant, entered his plea, and went to trial on the question of title. Both parties claimed under one Alexander McLure, and the question turned upon the
 
 bonafides
 
 of á deed, alleged to have been executed by said McLure to the lessor of the plaintiff. There was no question as to the identity of the land sued for, and a verdict was for the plaintiff upon the merits.
 

 It would be a strange result if, after all this, the defendant is entitled to a judgment, on the ground that, although he claimed title to the land, yet he was not in possession when the action commenced. It would be a mockery of justice to allow the defendant, after fighting the case upon its merits, and losing it, to turn around and say, if the verdict had gone in my favor, I would have been entitled to a judgment, and 1 am equally entitled to a judgment, notwithstanding the verdict has gone against me. So, I was safe anyhow, and had a chance to gain the case upon the merits ! Yet this is contended for, and was so held by the presiding Judge, under the rule as laid down in
 
 Albertson
 
 v.
 
 Redding, 2
 
 Murph. Rep. 283 ; S. C. 1 Car. Law Repos. 274. “In ejectment, the plaintiff is bound to prove the defendant in possession of the premises, which he seeks to recover.”
 

 We fully approve of, and feel borfnd by this, as a general rule. But in order to fix the extent of its application, and determine the exceptions to its operation, it is necessary to examine into the “ reason ” upon which it is based.
 

 The action of ejectment is, in form, “ trespass.” The judgment is, that the plaintiff “ recover his damages and costs.” The order for a writ of possession is no part of the judgment. No one is compelled to become a defendant. A copy of the declaration is served to give notice of the action, and to ena
 
 *374
 
 ble the person, if he is concerned in the matter, either because he is in possession, or because he claims title to the land, to apply and have himself made defendant. The object of the fiction of a “casual ejector” is to put it in the power of the Court to
 
 refuse to allow
 
 any one to be made a defendant, unless he will enter into the common or special rule. In this, it differs from all other actions. In detinue, the defendant is compelled to appear by
 
 mesne process,
 
 and the judgment is, that the plaintiff recover
 
 the specific thing.
 
 Por these reasons it is necessary for the plaintiff to prove that the defendant had the article in his possession at the time the action was commenced. These reasons, as we have seen, do not apply to the action of ejectment; consequently, the general rule above referred to, in respect to that action, must be based on-some other ground.
 

 If no one applies to defend the
 
 action, the plaintiff cannot take judgment by default, against the casual ejector, unless he proves that the person upon whom a copy of the declaration was served, was in possession; for, without this, no case is constituted in Court, and if a judgment was rendered against the casual ejector, A would be turned out of possession without notice, or an opportunity to be heard, simply by serving a copy on B, who is a stranger, and has no concern with the land. This branch of the rule is, therefore, founded upon a universal principle of justice, and admits of no exceptions.
 

 If am/y one applies to defend
 
 the action, and is permitted to make himself a party defendant for that purpose, the other branch of the rule is called into action, and it is based, as we shall see, upon particular principles, and, consequently, admits of many exceptions.
 

 Suppose the declaration is for twenty acres of meadow, and twenty acres of pasture, situate in the parishes of Over Stowey, and Nether Stowey, in the County of Somerset; the party who is made defendant proves title to two pieces of land, answering that general description; but the plaintiff proves title to two other pieces of land, answering the same general description; the defendant shall have judgment, un-
 
 *375
 
 loss the plaintiff proves that he (the defendant) was in possession of one, or both, of the latter two pieces, to which the plaintiff had proved title; and although it be said the defendant ought to have disclaimed in regard to the two pieces of land claimed by the plaintiff, the reply is, how could he tell what land the plaintiff sued for ? If he had not defended the action, he might have been turned, out of possession of his own two pieces of land. This was the point in the famous case of
 
 Goodright
 
 v.
 
 Rich,
 
 7 Term Rep. 327, where the branch of the general rule now under consideration, is established. That rule is based on a particular reason — to prevent surprise on a party who makes himself defendant. The Chief Justice (KeNyoN) says, in that case,
 
 “
 
 when the declaration is delivered, the lessor claims, in general terms, so many acres of land, which communicates but little intelligence to the person served with the copy. If the latter happen to be in possession of any land falling within the description in the declaration, lie must defend, in order to preserve his own right. Then it would he unjust that a Verdict should be found against him, although he can prove title to every acre of land, in the parishes, of which he was ever in possession; and yet this is the consequence of the plaintiff’s argument.”
 

 Or suppose the declaration is for a tract of land setting out the metes and boundaries. The party upon whom the declaration is served, .makes himself defendant. On the trial, it turns out that the defendant has title to so much of this tract as he is in possession of; the plaintiff has title to the remainder ; but the defendant never was in possession of that part; the defendant is entitled to a judgment; because the plaintiff has failed to prove that he was in possession of any land to which he had title. This was the point in
 
 Albertson
 
 v.
 
 Redd
 
 ing, supra, where the English rule is adopted by a majority of the Court; although Taylob, C. J., dissents on the ground that, as our declarations are more specific in the description, the reasons for the English rule do not apply, and he prefers to require defendants to enter a disclaimer. But the general rule has, ever since, been considered settled, as laid down by
 
 *376
 
 the majority of the Court.
 
 Henderson, J.,
 
 in delivering the opinion of the Court, puts it on this reason: “-If the defendant’s possession does not interfere with the plaintiff’s claim, the mischief (that is the costs) should be borne by the plaintiff, who has
 
 misled the
 
 defendant, rather than by the defendant, who has trusted to the plaintiff’s assertion ; otherwise the defendant whould be compelled to decide, at his own peril, whether the lands described are those possessed by him; although he is told so by the plaintiff, and this too, when the plaintiff describes by artificial boundaries, the beginning and the extent of which, may be entirely unknown to the defendant.”
 

 So, the principle of the rule is to prevent surprise on the party who makes himself a defendant; and the exceptions are, that when there is no surprise, and the parties go to trial on the question of title, there being no difficulty as to the identity of the land, and both plaintiff and defendant setting up claim to the whole of it, if the, verdict goes against-the defendant, it is not for him to say that he was not in possession at the time the action was commenced. If is sufficient,
 
 so far as he is concerned,
 
 that he claimed title to the land, and made himself a defendant for the purpose of' asserting it. Accordingly in
 
 Mordecai
 
 v. Oliver, 3 Hawks’ 479, it was ruled in the Court below, that under the circumstances of that case, it was not necessary that there should be an actual possession by the defendant, to maintain the action;
 
 “
 
 that if the defendant claimed to be in possession,
 
 or claimed the lands i/n controversy, and entered himself a def endemic with a view of maintaining such claim,
 
 that was sufficient to enable the plaintiff to maintain the action.” The ruling was approved in this Court, and the case of
 
 Albertson
 
 v.
 
 Redding
 
 was referred to, as fixing the general rule; but' the case under consideration was held to be an exception. "We will remark in passing, that the form of the notice set out by Blackstone in the appendix to the' 3rd book, is, “ you are in possession of, or claim title to,” &c. So in
 
 Gorham
 
 v.
 
 Brenon,
 
 2 Dev. Rep. 174, the defendant had never been in possession, but he came in and
 
 *377
 
 defended the title and possession of one Brenon, and tliere was judgment for the plaintiff, making that case also an exception. So in
 
 Wise
 
 v. Wheeler, 6 Ire. Rep. 196. The defendant had never been in possession, and never made an admission in regard to the possession, but he had himself made defendant, and succeeded in showing title, and there was judgment, but there was no intimation that the plaintiff would not have been entitled to judgment had he succeeded in the question of title ; in fact, this is assumed by the direction given to the case. So in
 
 McDowell
 
 v.
 
 Love,
 
 8 Ire Rep. 502, the defendant never ivas in possession, but he procured himself to be made defendant, upon an affidavit setting out “ that the premises in dispute were his,” and that Chambers went into possession as his tenant; the declaration had been served on Chambers, and Love was made defendant on this affidavit. The principle contest -was as to a part of the land covered by the defendant’s grant, but the plaintiff insisted that he was entitled, at all events, to a judgment in respect to a small slip of land not covered by the defendant’s grant, on the ground that, by coming in to defend as landlord, he admitted himself to be in possession, and no evidence was necessary. The Court below held otherwise, applying the general rule. In this Court that judgment was reversed, on the ground that “ the affidavit supplied proof of the tenant’s possession of all the land within the boundaries described in the declaration;” and the case fell within the exception. In
 
 Carson
 
 v. Burnett, 1 Dev. and Bat. Rep, 546, the declaration described several tracts. The defendant having succeeded in showing title to all the parts of which his tenant was in possession, the plaintiff attempted to secure a verdict by proving title to a part covered by the declaration, but of which the tenant had never been in possession; it was held he could not be allowed to do so, “for it would be a
 
 swyviseii
 
 the defendant were called on to defend for portions of the land of which his tenant never had pDossession,” although they were set out in the declaration; and the general rule was, for that reason, ap>plied to the case.
 

 
 *378
 
 These are all the cases in the reports on the subject. They fix the general rule, that the plaintiff must show the defendant in possession, on the principle of preventing surprise, and the exceptions are plainly deducible therefrom.
 

 Our case falls under the exceptions. There is no pretence of surprise. The defendant claimed the land in controversy, and entered himself a defendant, with a view of maintaining such claim. There was no difficulty in regard to the identity of the land, and the case is stronger, because he had, a very short time before the declaration was served, put one Saunders in possession as his tenant. If a copy had been served on Saunders, the defendant, as landlord, might have come in and defended. It can make no difference, so far as he is concerned, that the declaration was served on him. He availed himself of the opportunity of trying the question of title, under the same advantages, as if the declaration had been served on his tenant. Having done so, he can, with no show of justice, insist, not only that it should all pass for nothing, but that he should have judgment for his costs. As to Saunders, when the plaintiff asked for a writ of possession, (but for his attornment,) he might have opposed the issuing of the writ, or had it superce-ded upon motion of
 
 audita querela.
 
 The order for the writ of possession is no part of the judgment, but is now, in most instances, granted as of course, unless there be special grounds for not allowing it. It was ordered in analogy to the writ of
 
 habere facias seisinam
 
 in a real, or mixed action, to prevent the necessity of the termor’s 'resorting to a Court of Equity. It would be refused, unless there was proof that a copy of the declaration had been served on the tenant, even although the landlord, as in our case, had come in and made himself defendant, in order to try the title, and there was judgment against him.
 

 PER Cukiam. The judgment of nonsuit set aside, and judgment for the plaintiff on the verdict.
 
 §,