Battle, J.
 

 The bill of exceptions does not disclose any error of which the lessor of the plaintiff has any just cause of complaint. His Honor instructed the jury, that if those under whom the defendant claimed the land, of which he was in possession, entered as the tenants of the plaintiff’s lessor, then the lessor was entitled to recover; but if they intered upon it, claiming it for themselves, the action must fail. The case states that eaeh party gave testimony upon this question of the character of the defendant’s possession, and the jury found that those under whom the defendant claimed, did not enter as the tenants of the plaintiff’s lessor, but, on the contrary, entered upon the land, claiming it as their own. In that state of facts, the plaintiff’s lessor, having no deed or other paper evidence of title, could not show any right to recover the pos
 
 *601
 
 session from the defendant, because, as to him, and the part of the land which he occupied, he could not rely upon the presumption of a deed for the want of twenty ’ years possession, before the adverse possession of those under whom the defendant claimed commenced. This is manifest, from the statement that the plaintiff’s lessor was in possession of his clearing and improvements, on the northern part of the land contained in the grant to Franks, twenty-five years before the suit was brought, and that the defendant, and those under whom he claimed, were in possession of the cleared land on the eastern part of it, for fifteen years before the commencement of the suit.
 

 It has been suggested, that as the declaration included the whole tract granted to Franks, and as the defendant did not disclaim for the part of which he was not in possession, the lessor was entitled, at least, to a verdict for that part. That proposition cannot be sustained ; because, as to such part he was already in possession, and could not, therefore, maintain ejectment against another person for it. According to a rule well established in this State, he could not recover without showing a better title than the defendant, to the land of which he had shown the defendant to be in possession. See
 
 Atwell
 
 v. McClure,
 
 4
 
 Jones’ Pep. 376, where the subject is fully discussed and explained.
 

 Per Curiam,
 

 Judgment affirmed.