A. D. COWLES and others v. JOEL T. FERGUSON.

### *Ejectment—Pleading.*

1. The plaintiff alleges he is the owner of a tract of land, describing it by well-defined boundaries, and that defendant is in possession of part of the same; and the defendant claims title in himself and admits he is "in possession of said tract." The plaintiff introduced in evidence a grant covering the whole tract, and the defendant proved he had been in pos-

session of a small part, included within the boundaries, for thirty years before suit brought; *Held*—

(1) The admission in the defendant's answer must be understood to be confined to the part of which he is alleged to be in possession.

(2) The failure to disclaim title to the part outside of that admitted to be in his possession, will not affect the defendant's right to remain in possession of so much as he shows title to.

2. *Held further:* The plaintiff may recover and the defendant will retain so much of the land as each shows himself entitled to upon the evidence, unaffected by the fact that both set up a claim to the whole tract.

3. Distinction between the former practice in ejectment where possession was recovered without affecting the right of property, and the conclusive effect of a judgment as to title under THE CODE, pointed out by SMITH, C. J.

(*McKay* v. *Glover*, 7 Jones, 41; *Hipp* v. *Forester*, *Ib.*, 599; *Carson* v. *Burnett* 1 Dev. & Bat., 546; *Atwell* v. *McLure*, 4 Jones, 371, cited and approved).

EJECTMENT tried at Fall Term, 1883, of WILKES Superior Court, before *Shipp, J.*

The plaintiff in the first article of his complaint, alleges himself to be the owner and entitled to the possession of a tract of land described by well-defined boundaries and containing one hundred acres.

In the second article he alleges "that the defendant is in the possession of a part of said tract," and unlawfully withholds the same, without further and more particular description.

The defendant denies the plaintiff's asserted ownership, or that he has any interest therein, and claims title in himself.

In the second article of the answer, he "admits that he is in possession of said tract," and avers it to be "lawful and rightful."

Pending the action the plaintiff died, and his heirs-at-law were admitted as parties to prosecute the action.

No specific issues were framed upon the controverted facts, but the cause was submitted to the jury, after numerous continuances, for a general verdict, in the rendition of which they say they "find all issues raised by the plaintiff in his favor."

Thereupon the court rendered judgment declaring the plaintiffs to be the owners in fee of the tract described, and that, upon the possession alleged and admitted in the pleadings, and in the absence of any disclaimer of title or possession as to any part, the plaintiffs recover possession of the portion in the defendant's occupation, with costs, and have their writ of possession.   From this judgment the defendant appeals.

*Mr. R. Z. Linney,* for plaintiffs.
*Messrs. Armfield & Armfield,* for defendant.

SMITH, C. J., after stating the case.   The plaintiffs on the trial showed in evidence a grant from the state to the original plaintiff, their ancestor, his death and the descent to them as his heirs of the tract of land described in the complaint.

The defendant introduced no paper title, but proved by two witnesses facts which tended to show that the defendant and those under whom he claimed had been in possession of a small part included in the boundaries of the grant, consisting of three or four acres, for thirty years next before the commencement of the action.

The court intimated an opinion that upon the state of the pleadings, the defendant not having specified the part occupied by him nor disclaimed as to the residue, the plaintiffs would be entitled to the verdict of the jury if the evidence introduced by them was believed, and directed defendant's counsel to proceed. This he declined, stating that upon the view of the law entertained by the court, he supposed the cause was terminated.   The jury returned a verdict for the plaintiffs.

The defendant's answer may bear the construction put upon it by the court as not only denying the plaintiffs' and asserting his own title to all the land comprised in the grant, and admitting a possession commensurate with those limits, but an equally consistent interpretation may confine the admission of occupation to the undefined part of it.   The plaintiffs do not allege the

defendant's possession to be commensurate with the territory covered by the grant and set out in the complaint, but to be *only of a part*, without describing that part. The answer *admits*, that is, *does not deny*, the plaintiffs' averment that the defendant " is in possession of said land," and the *admission* should have the same restriction as the averment to which it is a response. Beyond this it would not be an *admission*, but the statement of an independent fact. If this comprehensive import be given to the answer, it is met by the plaintiffs' allegation restricting the possession to a part only, and as a general rule the plaintiff recovers according to his own allegations and the case made in the complaint.

But we do not attach the same significance to the form of the answer, however interpreted, as the court has in its bearing upon the rights of the defendant. Assuming that the defendant claims title and possession as following it to the whole tract, and upon the proof is unable to make good his claim, shall he for this reason be denied the right to retain the part to which he does show title and possession? Conceding as we must, in reviewing the ruling of the court, that by a long adverse possession the defendant has acquired title to the part so occupied, and it is the same if his evidence would warrant the jury in so finding, the plaintiffs will not fail in their action, because they do not show themselves entitled to the whole area claimed in the complaint They will recover so much as they show title to, though less than the whole; and this, because the claim to all is a claim to all the parts which make the whole, the greater including the less.

The same principle applies to the defence with equal if not greater force. The defendant cannot be denied the right to retain so much of the land in dispute as he proves himself to be the owner of, because his assertion of title and possession to all could not be sustained. He is not to be deprived of what is his own because he claimed more than belongs to him. Indeed his case is stronger, for he retains all to which the plaintiffs cannot show title in themselves, because, though the defendant's posse--

sion may be wrongful as to the true owners, it is not wrongful to the plaintiffs whose recovery is confined to what is proved to belong to them.

The true and governing rule applicable to conflicting claims set up to the same land by the parties to the action is, and must be, that they recover and retain respectively what each shows himself entitled to upon the evidence, unaffected by the fact that both set up claims to the whole, with this qualification, that so much as does not belong to either remains undisturbed with the one in possession. This rule, just in itself, seems to have been subordinated to some technical principle of pleading which refused to the defendant his right to hold what was his own, because he did not disclaim as to the residue of the tract; in other words, he claimed too much, and therefore cannot keep what is his own.

The court was perhaps misled by what is said by Pearson, C. J., in *McKay* v. *Glover*, 7 Jones, 41, that "if a plaintiff succeeds in showing title to any part of the land contained in the demise, *of which the defendant is in possession*, the jury may return a general verdict; although, as to the other part, the plaintiff failed to show title." But, he adds: "The court may, in its discretion, direct the jury to find specially, *so as to run the line* between the plaintiff and the defendant; but the usual course is not to complicate the enquiry, and to allow a general verdict, if the plaintiff makes out his case as to any part of the land held by the defendant, and the plaintiff then takes out a writ of possession at his peril." This is said about the old form of the action of ejectment, whose object is to get possession for the lessor of the plaintiff, and the determination affects no right of property in either. Its results are unlike the result of the action under the Code of Civil Procedure, which may, as in other actions, conclude and settle the title when that is put in issue, and such is the effect of the judgment rendered in this case, if allowed to stand.

But we think the question is disposed of by former adjudica-

tions under the old system of practice, to some of which we will advert.

In *Carson* v. *Burnett,* 1 Dev. & Bat., 546, the declaration covered several tracts, and the defendant proved title in himself to those which were in his tenant's possession. The lessor insisted upon a verdict for that to which he had shown title, and it was held that he was not entitled to a verdict, although the defence was general.

In *Atwell* v. *McLure,* 4 Jones, 371, PEARSON, J., in the opinion, for the purpose of illustration, puts this case: Suppose the declaration is for a tract of land, setting out the metes and boundaries; the party upon whom the declaration is served makes himself defendant; on the trial it turns out that the defendant has title to so much of this tract as he is in possession of; the plaintiff has title to the remainder, but the defendant never was in possession of that part. The defendant is entitled to judgment because the plaintiff has failed to prove that he (the defendant was in possession of any land to which he (the plaintiff) had title.

But the very question now before us was considered and answered by the court, BATTLE, J., delivering the opinion in *Hipp* v. *Forester,* 7 Jones, 599.

"It has been suggested," say the court, "that the declaration included the whole tract granted to Franks, and as the defendant did not disclaim for the part of which he was not in possession, the lessor was entitled, at least, to a verdict for that part. That proposition cannot be sustained; because, as to such part he was already in possession, and could not, therefore, maintain ejectment against another person for it. According to a rule well established in this state, he could not recover without showing a better title than the defendant to the land of which he had shown the defendant to be in possession."

If this was the prevailing practice under the former system when no right was concluded by the result beyond the present possession, much more must it be recognized under the new prac-

tice, when the consequences of a determination may be permanently to settle the title to the property in dispute. In the face of a direct denial of the plaintiffs' property in the entire tract and of proof of title to part, of which the defendant may have only been in possession, the judgment fixes title in the plaintiffs to the entire tract, inclusive of that which belongs to the defendant. The ruling which leads to this result must be erroneous. There must be a new trial, and it is so ordered. Let this be certified.

Error.                                              *Venire de novo.*