I. H. WILSON v. JEFF WILSON.

(Filed 12 December, 1917.)

1. Costs—Ejectment—Possession—Admissions.

In a possessory action to recover lands, the defendant is not entitled to recover costs when the verdict awards the lands to the defendant that are claimed by him and in his possession; nor is the plaintiff in better position with regard to the costs where the defendant admits that the plaintiff is the owner of the land contained in his larger boundaries, except the *locus in quo.*

2. Appeal and Error—Judgments—Admissions—Ejectment.

Where the judgment does not accord with the admission of the parties in an action for the possession of land, the judgment may be corrected on appeal to avoid further litigation, and thus corrected, affirmed.

WILSON *v.* WILSON.

APPEAL by plaintiff from *Lane, J.,* at the November Term, 1916, of MITCHELL.

This is an action to recover land covered by the following plat:

Narrow black lines with short lines across—Court deed.
Heavy black lines—Deed to J. C. Wilson by Jeff Wilson.
Deed from J. C. Wilson to I. H. Wilson—Figures 1 to 13.

Dotted lines—James Greene Grant which covers disputed land.
Double lines—Deed from James Greene to Wm. F. Wilson, as located by plaintiff.
I. H. Wilson 2 acre deed—Letters A. to E.

The plaintiff alleges in his complaint that he is the owner of the land within the boundaries 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 1, and that the defendant is in the unlawful possession of a part thereof beginning near the poplar in line 9, containing about one acre.

The defendant denies that the plaintiff is the owner of the land in the complaint, and alleges that he is the owner of the part of the land he is in possession of. He also alleges in what·is called the rejoinder to the reply that heretofore there was an arbitration between the father of the plaintiff and the defendant, in which it was found in the award that the defendant was the owner of one acre of land, and that this is the acre of land in dispute in this action, being within the lines 25, 26, 27, 28, 29 and back to 25.

At the close of the evidence and as the argument was about to begin, the defendant made the following admissions in the case: "The defendant admits that the plaintiff is the owner of all the land described in the complaint, except that part shown on the map S. and S. E. of the. 4-acre tract marked with XXX; and the defendant admits that if the line is established running from the water oak, passing 11 to the sourwood and west to the hickory, that the plaintiff is the owner of all the land described in the complaint."

The jury returned the following verdict:

1. Is the line dividing the lands between plaintiff and defendant á line running from A B. to a hickory, or a line running from C to the hickory? Answer: From C to hickory.

2. Did the heirs at law of Isabella Wilson, to-wit, J. C. Sam and W. McWilson, by a prior contemporaneous survey preparatory to executing deeds between themselves and with the view thereto run the line from the ash at 1, to 9, 10, 11 and on to the sourwood corner? Answer: No.

3. Is the plaintiff the owner of the land laid out on the map, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and back to 1? Answer: No.

Judgment was rendered declaring that defendant was not in possession of any part of the land described in the complaint except the one acre above described; that the plaintiff is not the owner of said one acre, and that he take nothing by his action, and that the defendant recover of the plaintiff and his surety his costs.

The plaintiff excepted to the judgment for costs, and appealed.

*S. J. Ervin, Charles E. Green, and Hudgins & Watson for plaintiff.*
*Black & Wilson and Pless & Winborne for defendant.*

ALLEN, J. The plaintiff cannot invoke the principle that when there is no disclaimer, and the plaintiff recovers a part of the land in controversy, he is entitled to recover costs, because he has recovered nothing.

WILSON *v.* WILSON.

Under the first issue, which establishes the line between the plaintiff and defendant "from C to hickory" the defendant would be entitled to more land than he is claiming, and under the third issue it is found that the plaintiff is not the owner of the land described in the complaint. The plaintiff cannot, therefore, claim anything under the issues, and in the judgment "it is adjudged that the plaintiff takes nothing by this action."

Nor is the plaintiff in any better position as to costs on account of the admission made by the defendant at the trial that the plaintiff is the owner of all the land described in the complaint, except the one acre, for the reason that the defendant has not been in possession of any other land, and when the action is possessory, and not to remove a cloud from title, it is only when the plaintiff recovers a part of the land *in possession* of the defendant that he can recover costs.

The action cannot be maintained except against one in possession (*Doggett v. Hardin,* 132 N. C., 690), and it was said in *Hipp v. Forester,* 52 N. C., 599: "It has been suggested that, as the declaration included the whole tract granted to Franks, and as the defendant did not disclaim for the part of which he was not in possession, the lessor was entitled, at least, to a verdict for that part. That proposition cannot be sustained, because, as to such part, he was already in possession, and could not, therefore, maintain ejectment against another person for it."

This was under the old system, it is true, but it is affirmed and recognized as still existing under the Code in *Cowles v. Ferguson,* 90 N. C., 313.

In *Atwell v. McLure,* 49 N. C., 371, *Pearson, J.,* in the opinion, for the purpose of illustration, puts this case: "Suppose the declaration is for a tract of land, setting out the metes and boundaries; the party upon whom the declaration is served makes himself defendant; on the trial it turns out that the defendant has title to so much of this tract as he is in possession of; the plaintiff has title to the remainder, but the defendant never was in possession of that part. The defendant is entitled to judgment because the plaintiff has failed to prove that he (the defendant) was in possession of any land to which the plaintiff had title."

The admission, therefore, while sufficient as a basis for an adjudication of title does not entitle the plaintiff to recover anything of the defendant because the defendant was not in possession of any part of the land, the title to which was admitted to be in the plaintiff, and if so, he cannot recover costs.

The pleadings as well as the admissions of the parties show clearly that the only matter in dispute is as to the ownership of the one acre, and that the defendant has no possession outside of the acre, and as the

plaintiff has lost upon the controverted question, he ought to pay the costs.

It appears, however, on the face of the record, that the judgment is not in accordance with the admissions of the parties, and to the end that further litigation may be averted it is ordered that it be modified by adjudging that the plaintiff is the owner of the land within the boundaries, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and back to 1, except that part within the boundaries 25, 26, 27, 28, 29 and back to 25 and that defendant is the owner of the exception and as thus modified that it be affirmed.

Modified and affirmed.